IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK EDWARD SMITH, SR., | Civil No. 3:25-cv-227 |
| Petitioner | (Judge Mariani) |
| v. | FILED SCRANTON |
| SUPERINTENDENT MASON, *et al.*, | MAY 0 2 2025 |
| Respondents | PER _____ Amo _____ DEPUTY CLERK |

## MEMORANDUM

Petitioner Mark Edward Smith, Sr. ("Smith"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Monroe County, Pennsylvania. Although provided an opportunity to file a traverse, Smith failed to do so. For the reasons set forth below, the Court will deny the habeas petition and a certificate of appealability will not issue.

### I. Background[1]

On July 27, 2021, following a jury trial, Smith was convicted of burglary, criminal trespass, possessing an instrument of a crime, and criminal mischief. (Doc. 1, at 1; *see*

---

[1] A federal habeas court may take judicial notice of state court records. *See Zedonis v. Lynch*, 233 F. Supp.3d 417, 422 (M.D. Pa. 2017) (Caldwell, J.) (citing *Pension Benefit Guar. Corp. v. White Consul. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) and *Dean v. Copozza*, No. Civ. A. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets."). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Monroe County and the Pennsylvania Superior Court.

*also Commonwealth v. Smith*, No. CP-45-CR-0001523-2020 (Pa. Ct. Com. Pl. Monroe Cnty.)). On January 6, 2022, the trial court sentenced Smith to an aggregate term of imprisonment of one to seven years. (*Id.*). Smith did not file a post-sentence motion or direct appeal. Therefore, his judgment of sentence became final on February 7, 2022. *See* 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court.").

On February 23, 2023, Smith filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. § 9541, *et seq. See Commonwealth v. Smith*, No. CP-45-CR-0001523-2020. Counsel was appointed to represent Smith, and counsel filed an amended PCRA petition. *See id.* Within the petition, counsel argued, *inter alia*, that Smith's trial counsel was ineffective for failing to file a post-sentence motion or direct appeal on his behalf. *See Commonwealth v. Smith*, 2025 WL 314726, at *1 (Pa. Super. 2025). On May 10, 2024, the PCRA court reinstated Smith's direct appeal rights and provided him 30 days to file a written appeal to the Pennsylvania Superior Court. *See id.* On June 10, 2024, counsel filed a notice of appeal. *See id.* at *2. On June 11, 2024, the trial court issued an order directing Smith to file a Rule 1925(b) concise statement of errors complained of on appeal. *See id.* Counsel failed to file a Rule 1925(b) statement on behalf of Smith. *See id.*

2

Therefore, on July 16, 2024, the trial court issued a Rule 1925(a) opinion concluding that Smith's issues were waived based on his failure to file a Rule 1925(b) statement. *See id.*

Thereafter, on September 24, 2024, counsel filed a petition to withdraw with the Pennsylvania Superior Court, along with an *Anders*[2] brief arguing that Smith's appeal was frivolous. *See id.* at *2-3. On January 28, 2025, the Pennsylvania Superior Court granted counsel's petition to withdraw. *See id.* The Superior Court also quashed Smith's appeal as untimely and found that "the trial court lacked jurisdiction to grant [Smith] the relief of reinstating his direct appeal rights. Because [Smith's] direct appeal rights were not validly reinstated, his instant notice of appeal from his January 6, 2022 judgment of sentence is clearly untimely, and we are without jurisdiction to review his claims." *Id.* at *4.

On or about January 31, 2025, Smith filed the instant federal habeas petition.[3] (Doc. 1).

## II. Timeliness Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

---

[2] *Anders v. California*, 386 U.S. 738, 744 (1976) (providing that an appellate court, faced with appointed counsel's professed inability to find an issue for appeal, should proceed "after a full examination of all the proceedings, to decide whether the case is wholly frivolous").

[3] Under the prisoner mailbox rule, the Court deems the petition filed on January 31, 2025, the date Smith signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); *Hodge v. Klopotoski,* No. 08-455, 2009 WL 3572262, at *15 (W.D. Pa. Oct. 26, 2009) ("In the absence of contrary evidence, a court will typically assume that a prisoner presented his or her petition to prison authorities for filing the same date that he or she signed it.").

3

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

28. U.S.C. § 2244(d); see *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Smith was sentenced on January 6, 2022. No direct appeal was filed. Therefore, his judgment of sentence became final 30 days later, on February 7, 2022. *See* 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). Smith had one year after his sentence became final to file his federal habeas petition. Thus, the AEDPA statute of limitations under § 2254(d)(1)(A) expired on February 7, 2023. However, Smith did not file the instant petition until January 31, 2025, approximately two years after the expiration of the statute of limitations. Therefore, the instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

A.   <u>Statutory Tolling</u>

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. *See* 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on February 7, 2022 and, absent any tolling, would expire on February 7, 2023. Although

5

Smith filed a PCRA petition on February 23, 2023, he failed to toll the statute of limitations for filing his federal habeas petition because the PCRA petition was untimely and not properly filed. As stated, § 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application is "properly filed" for statutory tolling purposes "when its delivery and acceptance are in compliance with the [state's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Smith filed his PCRA petition on February 23, 2023, after the expiration of the one-year grace period. Because this PCRA petition was untimely, it did not properly toll the AEDPA statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (holding that PCRA petition had no effect on tolling because "the limitations period had already run when it was filed"). Indeed, the Pennsylvania Superior Court found that Smith's PCRA petition was "patently untimely." *Commonwealth v. Smith*, 2025 WL 314726 at *4. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *See id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)). Caselaw is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See id.* at 417 ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). Accordingly,

6

Smith is not entitled to statutory tolling for the period during which his PCRA petition was pending. As a result, absent equitable tolling or the applicability of the actual innocence exception, Smith's federal habeas petition is two years late.

### B. <u>Equitable Tolling</u>

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

7

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Smith was put on notice regarding the untimeliness of his federal habeas petition by Respondent's answer and he had an opportunity to address the untimeliness and present arguments in favor of tolling in his reply. Smith chose not to file a traverse. The Court finds that Smith failed to exercise reasonable diligence throughout the limitations period. He did not pursue a direct appeal and waited more than 12 months before filing his PCRA petition. By this time, both the state and federal collateral relief statutes of limitations had expired.

In addition to Smith's failure to demonstrate the exercise of reasonable diligence, he failed to demonstrate that extraordinary circumstances obstructed his pursuit of relief in

either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that the state court misled him regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted on this basis.

The Court now turns to the fundamental miscarriage of justice tolling exception. Although the fundamental miscarriage of justice or "actual innocence" exception was previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse the federal limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *McQuiggin* made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup*, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted

9

to find him guilty beyond a reasonable doubt.' *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; see *House* [*v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met)." *McQuiggin*, 569 U.S. at 386.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392).

Smith failed to provide new reliable exculpatory evidence to support an actual innocence claim and none can be extracted from the claims raised in his petition and, again, he has failed to file a traverse with any reliable showing of factual innocence. Accordingly, Smith has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

### III.     **Protective Habeas Petition**

On September 3, 2022, while pursuing relief in state court, Smith filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *Smith v. Little, et al.*, 3:22-cv-1991, Doc. 1. Upon review of the petition and Respondent's answer, the Court determined that "Smith has not yet exhausted his state remedies.... [consequently,] the habeas petition must be dismissed. The dismissal is without prejudice to Smith's right to pursue federal habeas relief upon complete exhaustion of available state court remedies."

*Id.*, Doc. 14, at 4-5. Smith never asked for a protective stay. *See Pace*, 544 U.S. at 416 (petitioner may file "a 'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted") (internal citations omitted). Nevertheless, the Court declined to issue a stay in accordance with the stay and abeyance rule announced in *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004), noting that the remedy is to avoid barring from federal court a petitioner who timely files a mixed petition and concluded that "[t]he Court is not presented with a mixed petition. There are four claims raised in the petition and none of the claims are exhausted." *Id.*, Doc. 14, at 5, n. 1. The matter was marked closed.

Assuming *arguendo*, that Smith sought to file a protective § 2254 habeas petition as contemplated in *Pace*, when he filed his first § 2254 habeas petition, he has nevertheless failed to exhaust his state court remedies and his claims are procedurally defaulted.

    A.    <u>Legal Standard—Exhaustion and Procedural Default</u>

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of Pennsylvania Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme

Court in order to exhaust state remedies under 28 U.S.C. § 2254(c). *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c).").[4] The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must

---

[4] In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c). *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")). This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review. *Id.*

"show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

B. <u>Discussion</u>

Smith's federal habeas claims are defaulted because he raised them in an untimely PCRA petition, and the Superior Court found that it lacked jurisdiction to review Smith's claims and quashed his appeal. *See Commonwealth v. Smith*, 2025 WL 314726. When the state court does not address the merits of a claim because the petitioner failed to follow the state's procedural rules in presenting the claims, the claim will be considered procedurally defaulted if the rule upon which the state court relied is independent of the constitutional issue and adequate to support the decision. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Harris v. Reed*, 489 U.S. 255, 260 (1989). "[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed,'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and the rule "speaks in unmistakable terms." *Doctor v. Walters*, 96 F.3d

13

675, 683 (3d Cir. 1996) (*abrogated on other grounds by Beard v. Kindler*, 558 U.S. 53 (2009)). Thus, the procedural disposition must comport with similar decisions in other cases such that there is a firmly established rule that is applied in a consistent and regular manner "in the vast majority of cases." *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989)).

Here, the default is based on the Superior Court's quashing of his appeal, specifically that Smith raised his claims in an untimely PCRA petition. *See Commonwealth v. Smith*, 2025 WL 314726. The PCRA statute of limitations provides that a post-conviction petition must be filed "within one year of the date the judgment becomes final." 42 PA. CONS. STAT. § 9545(b)(1). And the PCRA statute of limitations is independent and adequate basis to support a procedural default. *See Thomas v. Sec'y Pa. Dep't of Corr.*, 495 F. App'x 200, 206 (3d Cir. 2012) (finding that the waiver ruling by the Pennsylvania Superior Court was independent and adequate, supporting default); *Peterson v. Brennan*, 196 F. App'x 135, 142 (3d Cir. 2006) (finding that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief). As a result of the state court's quashing of his appeal and finding that Smith's claims were untimely—which finding was based upon independent and adequate state grounds—the claims are procedurally defaulted in this forum. *See Werts*, 228 F.3d at 194.

Smith fails to allege, as is his burden, the existence of either cause or prejudice for the procedural default and none appears on the record. Neither does it appear that a miscarriage of justice would occur. Accordingly, habeas review of his claims is foreclosed.

## IV. <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Smith failed to demonstrate that a certificate of appealability should issue.

## V.  Conclusion

The Court will deny Smith's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a certificate of appealability will not issue.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: May 2, 2025